(No. 1857—

Des Moines Asphalt Paving Company, Claimant, vs. State of Illinois, Respondent.

*Opinion filed December 8, 1931.*

Des Moines Asphalt Paving Company, pro se.

Oscar E. Carlstrom, Attorney General; Carl I. Dietz, Assistant Attorney General, for respondent.

Mr. Justice Roe delivered the opinion of the court:

This is a suit brought by the claimant, Des Moines Asphalt Paving Company, a corporation of the City of Des Moines, County of Polk, State of Iowa, against the defendant, State of Illinois, to recover damages caused by the cancellation of road construction contract No. 4568, on State Bond Issue Route No. 89-C, Section 105-B, awarded on the 19th day of September, 1931.

The facts in this case are as follows: That after the complainant commenced performance under the said contracts it received a notice from the respondent on the 6th day of October, 1931, through its Division of Highways, Department of Public Works and Buildings, that no payments could be made for work done under the contracts for the reason that the "Prevailing Wage Law" under which the contracts had been let was held to be invalid and void by the courts of this State and that in the event the claimant proceeded further under the said contracts, it did so at its own peril. Thereafter complainant's forces and machinery remained idle from October 6th to November 2nd, 1931 thereby necessitating considerable expense for which the claimant asked damages, and the State was then and there notified.

Thereupon the Division of Highways, Department of Public Works and Buildings, of the State of Illinois, through its Director and Chief Highway Engineer, reached an agreement in settlement of the damages caused as aforesaid and stipulated to make payment in the sum of $809.51. The Attorney General has approved of the said settlement and stipulation; but the Division of Highways could not pay the claim and therefore recommended that a claim be filed with this court.

As there is no dispute as to the facts presented in the claimant's declaration and the evidence establishes the claimant's right of action, the court is of the opinion that the claim is reasonable and should be paid. The court accordingly awards the claimant the sum of $809.51.